**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| SAHIL SAHIL, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Case No. 6:26-cv-03309-MBB |
| | ) | |
| TODD BLANCHE, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## <u>ORDER</u>

Petitioner Sahil Sahil petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241.  He asks the Court to order his immediate release from ICE custody, or to provide him a prompt individualized custody determination.  (**Doc. 1**, p. 38).  Because Petitioner's detention does not violate the Immigration and Nationality Act (the "INA"), the Constitution, the Administrative Procedures Act (the "APA"), or the Suspension Clause, the petition is DENIED.

### Background

Petitioner, a citizen of India, entered the United States illegally in October 2023.  (**Doc. 1-1**, p. 2).  On October 27, 2023, DHS identified petitioner as "an alien present in the United States who has not been admitted or paroled." (***Id.***).  On the same date, DHS charged Petitioner as subject to removal under 8 U.S.C. § 1182(a)(6)(A)(i) and ordered him to appear before an immigration judge.  (**Doc. 1-1**, p. 2).  DHS commenced removal proceedings and released Petitioner on his own recognizance.  (**Doc. 1-2**, p. 2).  In May 2026, Petitioner was arrested during a traffic stop.  (**Doc. 1**, pp. 5, 22).  Petitioner was later taken to ICE custody and detained.  (***Id***. at 5).  He remains detained.  (***Id***. at 23).

On May 28, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (**Doc. 1-4**, p. 1). He argues that because he is not a flight risk or danger to the community, his mandatory detention is unlawful. (**Doc. 1**, p. 25). He argues that 8 U.S.C. § 1225(b)(2)(A) should not apply to him because: (1) he previously entered the United States, and (2) the Government previously determined him to be subject to discretionary arrest under § 1226(a). (**Doc. 1**, pp. 16-17). And he argues that he is entitled to a bond hearing and individualized custody determination. (**Doc. 1**, p. 14). Petitioner alleges violations of the INA, procedural and substantive due process, the APA, and the Suspension Clause of the U.S. Constitution. *See* (**Doc. 1**); (**Doc. 8**).

### Discussion

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges regarding the legality of immigration-related detention. *See **Zadvydas v. Davis***, 533 U.S. 678, 687 (2001). A petitioner under § 2241 bears the burden of demonstrating, by a preponderance of the evidence, that their detention is unlawful. ***Guevara-Hernandez v. Blanche***, 2026 WL 1728803 (E.D. Mo. June 15, 2026); ***Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").

Petitioner fails to carry the burden. His mandatory detention does not violate the INA, due process, or the Suspension Clause. Relief is also not available under the APA.

### I. Petitioner's continued detention does not violate the INA.

The INA provides for detention of aliens pending removal proceedings. INA Section 235(b), codified at 8 U.S.C. § 1225(b), says that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not

clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." **8 U.S.C. § 1225(b)(2)(A)**. INA Section 236(a), codified at 8 U.S.C. § 1226(a), says: "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." **8 U.S.C. § 1226(a)**. If the alien is detained, the Attorney General may continue to detain them or release them on bond or conditional parole. **8 U.S.C. § 1226(a)(1)-(2)**. Release on recognizance constitutes a form of conditional parole from detention upon charges of removability. *Souleimane C. v. Blanche*, 2026 WL 1180075 at \*2 (D. Minn. Apr. 30, 2026) (citation omitted).

Here, Petitioner is properly detained because he is an "applicant for admission." *See* **8 U.S.C. § 1225(b)(2)(A)**. No immigration officer has determined that he is "clearly and beyond a doubt entitled to be admitted." *See Id.* DHS may rely on Section 1225(b)(2)(A) despite previously relying on Section 1226(a). The Court may not review DHS's discretionary decision to revoke his release.

## A. Petitioner is an "applicant for admission."

An individual is an "applicant for admission" when they are "[a]n alien present in the United States who has not been admitted or who arrives in the United States." **8 U.S.C. § 1225(a)(1)**. To be "admitted" under immigration law means to have lawfully entered the country. *Avila*, 170 F.4th at 1133.

Petitioner, a citizen of India, entered the United States in October 2023. (**Doc. 1**, p. 22). He was released on recognizance pending removal proceedings. (*Id.*). His release did not bestow lawful admission. *See Sanchez v. Mayorkas*, 593 U.S. 409, 415 (2021) (holding that an alien lawfully present in the United States had not been admitted). At the time of his arrest, he was

present in the United States without having lawfully entered the country.  *See Avila*, 170 F.4th at 1133.  He is an "applicant for admission" under Section 1225(b)(2)(A).

### B.  Petitioner is "seeking admission."

Where an alien is an "applicant for admission," he is also "seeking admission."  *Avila*, 170 F.4th at 1134 (holding that "the structure of § 1225(b)(2)(A) does not indicate that 'seeking admission' is a separate requirement for detention under the statute").  An alien seeks admission simply by being "present in the United States" while having "not been admitted."  *Id*. at 1135 (citation omitted).  Petitioner was arrested in the United States, where he has lived since 2023.  As noted, he never made lawful entry into the United States and was therefore never admitted.  *See Id*. at 1133.  Petitioner is "seeking admission" under Section 1225(b)(2)(A).

### C.  No immigration officer has determined that Petitioner is "clearly and beyond a doubt entitled to be admitted."

Immigration authorities found Petitioner subject to removal in 2023, released him from custody, and ordered him to appear before an immigration judge.  (**Doc. 1-1**, pp. 2-3).  In May 2026, a police officer arrested Petitioner, and Petitioner was subsequently taken into ICE custody.  (**Doc. 1**, p. 5).  Petitioner is currently in removal proceedings.  (*Id*.).  Petitioner presents no evidence of any other immigration determination.  He is not "clearly and beyond a doubt entitled to be admitted."  *See* **8 U.S.C. § 1225(b)(2)(A)**.  The Government may detain him without bond under Section 1225(b)(2)(A).

### D.  The Government may detain Petitioner under Section 1225(b)(2)(A) despite prior classification under Section 1226(a).

Petitioner argues that because DHS detained him under Section 1226(a) on October 26, 2023, Section 1226(a)—not Section 1225(b)—applies to his continued detention.  (**Doc. 1**, pp. 2, 16-17).  He points to a Form I-220A referencing Section 1226, among other provisions.  (*Id*. at 16-17).

Assuming without deciding that Petitioner was initially detained under Section 1226(a), DHS may detain him without bond under Section 1225(b)(2)(A). Petitioner is an "applicant for admission" who is "seeking admission." *See* **8 U.S.C. § 1225(b)(2)(A)**. If DHS fails to initially detain Petitioner under Section 1225(b)(2)(A), there is still "in no sense a binding administrative interpretation that the Government lacks the authority to act." *See Avila*, 170 F.4th at 1137 (internal quotation marks omitted). "[A]uthority granted by Congress cannot evaporate through lack of administrative exercise." *Id.* Section 1225(a)(2)(B) mandates that Petitioner be detained.

## II. Petitioner's detention does not violate procedural due process because the legislative scheme permits it.

Petitioner argues that his detention violates constitutional procedural due process protections. (**Doc. 1**, pp. 26-29). Petitioner urges the Court to analyze his claim under the framework set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), which provides a multi-factor "reasonableness" test to determine the amount of process due. The Government argues that Section 1225(b)(2)(A) provides sufficient procedural due process due to Petitioner.

The Government is correct. The Eighth Circuit rejected the need for a multi-factor "reasonableness test" when evaluating the length of a mandatory detention pending removal. *See* ***Baynee v. Garland***, 115 F.4th 928, 933 (8th Cir. 2024). Aliens may be detained pending removal proceedings merely "by reference to the legislative scheme." *See **Id**.* at 932. *See also **Department of Homeland Security v. Thuraissigiam***, 591 U.S. 103, 140 (2020) (holding that an "applicant for admission"—even one paroled elsewhere in the country pending removal—under Section 1225 "has only those rights regarding admission that Congress has provided by statute"). The Government may detain an alien as long as deportation proceedings are pending. ***Baynee***, 115 F.4th at 933. Here, Petitioner is properly detained without bond under 8 U.S.C. § 1225(b)(2)(A),

which only requires detention pending removal proceedings. The legislative scheme provides for mandatory detention, and procedural due process requires no more. *See Baynee*, 115 F.4th at 932.

Petitioner also argues his conditional release created a liberty interest that cannot be revoked without notice and a hearing. (**Doc. 1**, pp. 18-22). But, as discussed, the Government may detain him "simply by reference to the legislative scheme." *See Baynee*, 115 F.4th at 932. DHS has discretion to grant or deny parole under 8 U.S.C. § 1182(d)(5)(A). And DHS may "at any time revoke" bond or parole and detain an alien. **8 U.S.C. § 1226(b)**. "No court may set aside" the decision to revoke parole or bond. **8 U.S.C. § 1226(e)**. DHS exercised its statutorily granted discretion when it revoked Petitioner's release. The Court may not review DHS's discretionary decision regarding Petitioner's statutory challenge.

### III. Petitioner's continued detention does not violate substantive due process because it does not implicate a fundamental right.

The Fifth Amendment's Due Process Clause protects individuals from government conduct that interferes with fundamental liberty interests, regardless of the process provided, unless the interference is narrowly tailored to serve a compelling state interest. *Reno v. Flores*, 507 U.S. 292, 302 (1993). Liberty interests are "fundamental" when "objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." *Minnesota Deer Farmers Ass'n v. Strommen*, 146 F.4th 664, 670 (8th Cir. 2025) (internal quotation marks omitted). A petitioner raising a substantive due process claim must carefully describe the asserted fundamental liberty interest. *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997). If a liberty interest is *not* fundamental, a statute regulating the interest must only be "rationally related to legitimate government interests" to be constitutional. *Id.* at 728. Freedom from imprisonment is central to the liberty the due process clause protects. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). But

detention during removal proceedings is "a constitutionally valid aspect of the deportation process" because Congress can make rules regarding aliens that would not be acceptable if applied to citizens. ***Demore v. Kim***, 538 U.S. 510, 523-26 (2003).

Petitioner does not provide a "careful description" of the fundamental liberty interest at issue. *See **Glucksberg***, 521 U.S. at 721. Regardless, removable aliens like Petitioner have no fundamental liberty interest in a bond hearing or release pending deportation proceedings. *See **Demore***, 538 U.S. at 523, n.7 ("[P]rior to 1907, there was no provision permitting bail for *any* aliens during the pendency of their deportation proceedings"). *See also **Romero v. Brown*** 2026 WL 1021455, at *7 (S.D. Iowa Apr. 15, 2026) ("The right he actually asserts—release into the country without lawful admission pending removal—is not deeply rooted in this Nation's history and tradition.") (internal quotation marks omitted). The Eighth Circuit has held detention pending removal proceedings to be constitutionally valid when deportation is possible. *See **Baynee***, 115 F.4th at 931-33. Such detention is also rationally related to a legitimate government interest: ensuring successful removal if Petitioner is ordered removed. *See **Demore***, 538 U.S. at 528.

**IV.     Petitioner's APA claims fail because there has been no final agency action in his case and he has an adequate remedy in court.**

The APA "provides for review of a 'final agency action for which there is no other adequate remedy in a court.'" ***Union Pac. R.R. Co. v. United States R.R. Ret. Bd.***, 162 F.4th 908, 917 (8th Cir. 2025) (citation omitted). An agency action is final where it reflects "the consummation of the agency's decision-making process" and is not "merely tentative or interlocutory in nature." ***Id***. The Act's requirement that there be no other adequate remedy prevents duplication of existing procedures for review of agency actions. ***Central Platte Natural Resources Dist. V. United States Dept. of Agriculture***, 643 F.3d 1142, 1148 (8th Cir. 2011). Alien detainees challenging the

validity of their confinement must bring such claims in habeas corpus proceedings. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025).

Petitioner's detention is "interlocutory in nature" because it is related to and contingent on ongoing removal proceedings. *See* **8 U.S.C. § 1225(b)(2)(A)**. And Petitioner has an "adequate remedy in court." Claims under 28 U.S.C. § 2241 provide judicial review of the Government's detention of Petitioner, so an "adequate remedy in court" exists. *See* **Union Pac. R.R.**, 162 F.4th at 917. *See also* **Dominguez v. Mordant**, 2026 WL 1098252 at *3 (M.D. Fla. Apr. 23, 2026) (barring a petitioner from "[t]rying to shoehorn a freestanding APA challenge into a habeas petition").

**V.      Petitioner's continued detention does not violate the Suspension Clause.**

Petitioner argues his mandatory detention amounts to a suspension of the Writ of Habeas Corpus in violation of the Suspension Clause in the U.S. Constitution. (**Doc. 1**, pp. 36-38). He is incorrect. "The Suspension Clause provides that '[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it.'" *Thuraissigiam*, 591 U.S. at 116, *quoting* **U. S. Const., Art. I, § 9, cl. 2**. Habeas corpus, by its nature, allows a person in custody to attack the legality of that custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

Petitioner attacks the legality of his ongoing custody via the judicial remedy of habeas corpus. The Court reviewed his claims under 28 U.S.C. § 2241, considered the merits of his petition, and found them insufficient. *See* **Chi v. Warden, Bluebonnet Det. Facility**, 2026 WL 1062625, at *3 (N.D. Tex. April 13, 2026) (explaining that a petitioner's Suspension Clause claim was "puzzling" because the court exercised jurisdiction under 28 U.S.C. § 2241 to review the merits of the petition). The Government has not violated the Suspension Clause.

## Conclusion

Petitioner is an "applicant for admission" who is "seeking admission under Section 1225(b). His continued detention does not violate the INA. And neither the Fifth Amendment, nor the APA, nor the Suspension Clause require the Court to release Petitioner or order the Government to provide him with a hearing. The Petition for a Writ of Habeas Corpus is DENIED.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated:  June 26, 2026